**FILED**
**Oct 20, 2020**
**08:40 AM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | | |
|---|---|---|
| **DORIS GIBBS,** | ) | **Docket No. 2020-03-0219** |
| **Employee,** | ) | |
| **v.** | ) | |
| **EXPRESS SERVICES, INC., aka** | ) | |
| **EXPRESS EMPLOYMENT** | ) | |
| **PROFESSIONALS,** | ) | |
| **Employer,** | ) | |
| **NEW HAMPSHIRE INSURANCE** | ) | **State File No. 118452-2019** |
| **COMPANY,** | ) | |
| **Carrier,** | ) | |
| **And** | ) | |
| **ABIGAIL HUDGENS, Administrator** | ) | |
| **of the Bureau of Workers'** | ) | |
| **Compensation and SUBSEQUENT** | ) | **Judge Pamela B. Johnson** |
| **INJURY FUND.** | ) | |

### COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

Express Services, Inc. (ESI) and the Subsequent Injury Fund (SIF) moved for summary judgment on grounds that no genuine issues of material fact exist as to whether Ms. Gibbs's right-leg injury arose primarily out of her employment. Ms. Gibbs disagreed. For the reasons below, the Court holds that ESI and SIF are entitled to summary judgment.

### History of Claim

On December 12, 2019, Ms. Gibbs struck her right leg on two storage totes while working. ESI provided temporary disability benefits and ultimately authorized treatment with Dr. Christine Seaworth. After ESI denied further benefits, Ms. Gibbs sought unauthorized treatment.

She filed a Petition for Benefit Determination and Request for Expedited Hearing seeking additional medical and temporary disability benefits. The Expedited Hearing was

1

postponed by agreement due to incomplete discovery, outstanding medical reports, and Ms. Gibbs's hiring of counsel. The Court set a Status Conference for October 1, 2020, to discuss the parties' readiness for the Expedited Hearing and to potentially set it.

In the interim, ESI and the SIF filed this joint summary judgment motion, arguing that no disputed issues of material fact exist. They filed an unsigned physician panel purportedly showing that Ms. Gibbs selected Dr. Seaworth for authorized treatment. They also submitted Dr. Seaworth's affidavit, who stated that Ms. Gibbs's right-leg complaints are at least 50% related to her pre-existing condition. ESI and SIF asserted that Ms. Gibbs did not show through an expert opinion that her current complaints are greater than 50% related to her employment.

Ms. Gibbs opposed the motion, arguing that it was premature because no scheduling deadlines have been set. She asserted that Dr. Seaworth's opinion is not presumed correct because she did not sign the panel nor did ESI and SIF offer testimony proving that Ms. Gibbs selected Dr. Seaworth from the panel. She further argued that the "purported affidavit . . . is undated, unsworn, and does not meet the requirements of a Rule 72 Declaration in lieu of a sworn affidavit." Moreover, she contended that she was forced to seek treatment on her own when ESI stopped providing benefits, and her treating physicians have not given causation opinions because diagnostic testing and treatment are ongoing.

## Findings of Fact and Conclusions of Law

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2019).

When a party who does not bear the burden of proof at trial files a motion for summary judgment, it must do one of two things to prevail: (1) submit affirmative evidence that negates an essential element of the nonmoving party's claim, or (2) demonstrate that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. Tenn. Code Ann. § 20-16-101 (2019); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015).

If the moving party successfully meets one of those elements, the nonmoving party must respond by producing affidavits, pleadings, depositions, responses to interrogatories, or admissions that set forth specific facts showing that there is a genuine issue for trial. Tenn. R. Civ. P. 56.06. If the nonmoving party fails to do so, "summary judgment, if appropriate, shall be entered against the [nonmoving] party." *Id.*

The Court first addresses Ms. Gibbs's argument that the Court should deny the

summary judgment motion as premature and finds this argument unpersuasive.

Tennessee Rules of Civil Procedure 56.02 expressly recognizes that "a party against whom a claim . . . is asserted [may] *at any time*, move . . . for a summary judgment in the party's favor[.]" *Johnson v. Loomis Armored*, 2018 TN Wrk. Comp. App. Bd. LEXIS 60, at *8-9 (Nov. 21, 2018) (emphasis added). However, Rule 56.07 provides a mechanism to guard against premature grants of summary judgment. If the nonmoving party needs more time to oppose the motion, it is that party's responsibility to file a motion to continue with an accompanying affidavit stating the reasons for a continuance. *Id.* Here, if Ms. Gibbs did not file a motion for a continuance.

Turning to the merits of the motion, ESI and SIF asserted that they submitted affirmative evidence negating an essential element of Ms. Gibbs's claim and showed that her evidence is insufficient to establish an essential element of her claim. They relied on Dr. Seaworth's affidavit arguing her causation opinion is presumed correct as the panel-selected authorized treating physician. In contrast, Ms. Gibbs argued that the Court should not apply the presumption to Dr. Seaworth's opinion because the panel was unsigned, and ESI and SIF offered no proof that Ms. Gibbs' selected Dr. Seaworth from the panel.

Under the Workers' Compensation Law, the opinion of a "treating physician" is only entitled to a presumption of correctness if that physician was "selected by the employee from the employer's designated panel of physicians." *See Rhodes v. Amazon.com, LLC*, 2019 TN Wrk. Comp. App. Bd. LEXIS 24, at *20 n.4 (Jun. 11, 2019).

Here, Ms. Gibbs did not sign the panel, and ESI and SIF did not offer an affidavit that Ms. Gibbs selected Dr. Seaworth over the telephone. Therefore, considering the evidence in the light most favorable to Ms. Gibbs, the Court finds that no presumption of correctness attaches to Dr. Seaworth's opinion.

Ms. Gibbs additionally contended that the Court could not consider Dr. Seaworth's affidavit because the "purported affidavit . . . is undated, unsworn, and does not meet the requirements of a Rule 72 Declaration in lieu of a sworn affidavit." The Court disagrees.

Dr. Seaworth's affidavit begins with, "PERSONALLY APPEARED before the undersigned, an officer duly authorized by law to administer oaths, Dr. Christine Seaworth, who being duly sworn, deposes and says on oath as follows[.]" Dr. Seaworth then stated that she is over 18 years of age, has personal knowledge of the facts in the affidavit, and is competent to testify. After offering her causation opinion, Dr. Seaworth signed in the presence of a notary public, who also signed and certified "[s]worn to and subscribed before me this the 28[th] day of July, 2020." The Court finds Dr. Seaworth's affidavit is both sworn and dated, so it was not necessary for her statement to satisfy Tennessee Rules of Civil Procedure 72 for declarations under penalty of perjury in lieu of an affidavit.

Considering Dr. Seaworth's opinion without a presumption of correctness, she stated that Ms. Gibbs's complaints are at least 50% related to her pre-existing complaints and symptoms. The essential elements of Ms. Gibbs's claim require evidence showing that her injury arose primarily out of her employment. An injury arises primarily out of the employment only if it contributed more than 50% in causing the injury, considering all causes. Tenn. Code Ann. § 50-6-102(14)(A)-(B). Through Dr. Seaworth's affidavit, the Court holds that ESI and SIF negated an essential element of Ms. Gibbs's claim and demonstrated that her evidence is insufficient to establish the causal relationship between her injury and her employment.

Ms. Gibbs argued disputed issues of material fact still exist warranting a denial of the motion. She contended that she was forced to seek treatment on her own when ESI stopped providing benefits, and her treating physicians have not rendered causation opinions because diagnostic testing and treatment are ongoing. However, she presented no evidence showing that any material fact regarding causation is disputed. Ms. Gibbs cannot defeat a summary judgment motion by simply arguing discovery and treatment are incomplete. Instead, she must provide expert proof on causation to show that a disputed issue of material fact exists. She did not.

As noted above, Dr. Seaworth provided the only expert opinion on causation, and she concluded Ms. Gibbs's right-leg complaints and symptoms are at least 50% related to her pre-existing condition. At the summary judgment stage, Ms. Gibbs offered no other evidence.

Viewing this evidence in the light most favorable to Ms. Gibbs, the Court finds ESI and SIF: (1) submitted affirmative evidence negating an essential element of Ms. Gibbs's claim, and (2) demonstrated that her evidence is insufficient to establish an essential element of the claim. Therefore, the Court finds that no genuine disputed issues of material fact exist as to the causal relationship between Ms. Gibbs's condition and her employment. *See Beecher v. McKesson Corp.*, 2017 TN Wrk. Comp. App. Bd. LEXIS 41, at *9-10 (Jul. 21, 2017). For these reasons, the Court holds ESI and SIF are entitled to summary judgment as a matter of law.

**IT IS, THEREFORE, ORDERED AS FOLLOWS:**

1. The Court grants ESI's and SIF's motion for summary judgment and dismisses Ms. Gibbs's claim with prejudice to its refiling.

2. Unless appealed, this order shall become final in thirty days.

3. The Court assesses the $150.00 filing fee against ESI, for which execution might issue as necessary. ESI shall pay the filing fee to the Court Clerk within five business days of the order becoming final.

4

4. ESI shall file Form SD-2, Statistical Data form, with the Court Clerk within five business days of this order becoming final.

**ENTERED October 20, 2020.**

*Pamela B. Johnson*

**JUDGE PAMELA B. JOHNSON**
**Court of Workers' Compensation Claims**

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent on October 20, 2020.

| Name | U.S. Mail | Email | Service sent to: |
|---|---|---|---|
| Doris Gibbs, Employee | | X | dgibbs28@yahoo.com |
| David G. Goodman, Employee's Attorney | | X | dgoodman@forthepeople.com |
| Garett P. Franklyn, Employer's Attorney | | X | gpfranklyn@mijs.com |
| Allison Lowry, SIF Attorney | | X | allison.lowry@tn.gov |

**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**

5



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1.  Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3.  You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4.  After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry. *See* Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____   ☐ Motion Order filed on _____

☐ Compensation Order filed on_____   ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee
Appellee's Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

    My employer's address is: _____

    My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries         $ _____ per month    Telephone       $ _____ per month

Electricity       $ _____ per month    School Supplies $ _____ per month

Water             $ _____ per month    Clothing        $ _____ per month

Gas               $ _____ per month    Child Care      $ _____ per month

Transportation    $ _____ per month    Child Support   $ _____ per month

Car               $_____ per month

Other             $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____    (FMV) _____

Checking/Savings Acct.  $ _____

House                   $ _____    (FMV) _____

Other                   $ _____    Describe: _____

11. My debts are:

Amount Owed                    To Whom

_____            _____

_____            _____

_____            _____

_____            _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____